■ ROBERT H. LAW, INC., Respondent, v. SAMUEL KOSOFF AND SONS, INC., Appellant.— Order unanimously affirmed, with costs. Memorandum: Defendant-appellant contends that plaintiff's complaint fails to state a cause of action in negligence and should be dismissed. We agree that the action does not sound in negligence but we do not find that fatal. Defendant is the general contractor and plaintiff is a subcontractor who did work on property owned by the State. Plaintiff asserts that defendant had responsibility for shoring in connection with excavation work performed by plaintiff and did it negligently. The work for which plaintiff seeks damages consisted of the time and materials expended to retrench and repair and install new sanitary and storm sewer pipe lines at the specific request of defendant. Plaintiff's president asserts in his examination before trial that the additional charge is outside of the original contract for retrenching and repair and, under agreement with the defendant, is on a time and materials basis. Plaintiff further claims that there was an unauthorized back charge for shoring and purchase of materials related to the retrenching and repair job. These matters relate to the contractual relationship between the parties and the duties arising therefrom and whether there actually was a request for work on a time and materials basis outside the original contract. The testimony of Robert H. Law, president of plaintiff, in his examination before trial may properly be considered on the motion to dismiss for failure to state a cause of action (CPLR 3211, subd. [c]). The complaint and the examination before trial spell out a cause of action in contract and therefore the motion to dismiss the complaint was properly denied. "The propriety of the conclusion reached by us * * * 'is buttressed by the long-standing practice in New York of sustaining a complaint against a motion to dismiss if any cause of action could be derived from its allegations by *implication or through liberal construction.*'"

(*Van Gaasbeck* v. *Webatuck Cent. School No. 1,* 21 N Y 2d 239, 245). (Appeal from order of Onondaga Special Term in negligence action.) Present — Marsh, P. J., Moule, Simons, Mahoney and Del Vecchio, JJ.